UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES CLIFTION BRADLEY,

    Plaintiff,

v.                                      Case No. 4:20cv84-AW-HTC

OFFICER JACKSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, filed an amended civil rights complaint in this action, seeking to assert claims under 42 U.S.C. § 1983.[1] ECF Doc. 7. The amended complaint was referred to the undersigned for preliminary screening under 28 U.S.C. § 1915A. As discussed herein, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to (1) disclose countless civil rights cases he has previously filed and (2) pay the filing fee at the time he initiated this action despite his status as a three-striker under 28 U.S.C. § 1915(g).[2]

---

[1] Plaintiff initiated this action by filing a civil rights complaint (ECF Doc. 1) in the United States District Court for the Middle District of Florida, and the case was then transferred to this Court. ECF Docs. 4, 5. Because this case was transferred from the Middle District, the initial complaint was not on this Court's required forms. Thus, the undersigned directed Plaintiff to file an amended complaint on the correct forms. ECF Doc. 6.
[2] The Court denied Plaintiff's motion to proceed *in forma pauperis* under § 1915(g) under separate order. ECF Doc. 17.

## I.     FAILURE TO DISCLOSE

Plaintiff's amended complaint was filed on this Court's official civil rights complaint form for prisoners in 42 U.S.C. § 1983 actions. ECF Doc. 7. At the end of the complaint, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" *Id.* at 7 (emphasis in original). Despite that declaration, Plaintiff made several false representations in the complaint.

Section IV of the complaint, titled "Previous Lawsuits," asks: "C. Have you initiated [actions in] federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" and "D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" *Id.* at 4. The form requires Plaintiff to identify and describe any cases responsive to the questions.

Plaintiff marked "No" in response to both questions and did not disclose any cases. Thus, Plaintiff swore that, at the time he filed his amended complaint on March 3, 2020, he had not (1) filed any prior federal cases related to the fact or

manner of his incarceration or the conditions of his confinement and (2) had any prior federal cases dismissed as frivolous, malicious, failing to state a claim, or prior to service. Plaintiff's representations to the Court, however, were not truthful or accurate. To the contrary, at the time Plaintiff filed his amended complaint, Plaintiff had filed countless prior cases in federal court relating to the conditions of his confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff filed his amended complaint, he had filed under his full name and Florida Department of Corrections Registration Number 427878 at least the following undisclosed actions, all of which were dismissed as frivolous, malicious, failing to state a claim, and/or prior to service:

> *Bradley v. Wilson, et al.*, 3:16cv959 (M.D. Fla.) (§ 1983 action dismissed prior to service for failure to disclose prior litigation and Plaintiff's status as a 3-striker)

> *Bradley v. McGee, et al.*, 3:16cv960 (M.D. Fla.) (§ 1983 action dismissed prior to service for failure to disclose prior litigation, Plaintiff's status as a 3-striker, and failure to state a claim and noting

that Plaintiff is "no stranger to the federal courts. He is a prolific filer of civil rights cases in this Court.")

*Bradley v. Suwannee CI Security, et al.*, 3:16cv992 (M.D. Fla.) (§ 1983 action dismissed prior to service for Plaintiff's status as a 3-striker and noting that Plaintiff has "initiated approximately 100 civil rights cases in [the Middle District] alone, and … has been deemed a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).")

*Bradley v. Spradley, et al.*, 3:16cv1100 (M.D. Fla.) (§ 1983 action dismissed prior to service for Plaintiff's status as a 3-striker)

*Bradley v. Hayes, et al.*, 3:16cv1250 (M.D. Fla.) (§ 1983 action dismissed prior to service for failure to disclose)

Plaintiff did not disclose these – and many other – federal actions despite the complaint form's clear instructions.[3]

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of

---

[3] The undersigned found at least sixteen (16) prior federal cases filed under Plaintiff's full name and Florida Department of Corrections Registration Number. However, it appears that Plaintiff has filed far more cases under the names James Bradley, James C. Bradley, and James Bardley, with the Court in one case noting that Plaintiff has "initiated approximately 100 civil rights cases in [the Middle District] alone." *Bradley v. Suwannee CI Security, et al.*, Case No. 3:16cv992 (M.D. Fla.).

Case No. 4:20cv84-AW-HTC

all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." ECF Doc. 7 at 3 (emphasis in original). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished. Moreover, many of Plaintiff's previously filed and undisclosed cases were dismissed for failure to accurately provide the Court with his litigation history. Thus, this is certainly not the first time Plaintiff has been admonished for his failure to disclose.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

## II.   THREE-STRIKE LITIGANT

As an additional ground for dismissal, Plaintiff has not paid the requisite $400.00 filing fee for a civil action and he is not entitled to proceed *in forma pauperis*. The Prison Litigation Reform Act ("PLRA") provides:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court takes judicial notice of the following federal actions previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Case No. 3:00cv713 (M.D. Fla.); (2) Case No. 3:00cv714 (M.D. Fla.); (3) Case No. 3:00cv914 (M.D. Fla.).[4] The Court also takes judicial notice of the following cases filed by Plaintiff that were dismissed based on the three-strikes provision: (1) Case. No. 3:00cv1201 (M.D. Fla.); (2) 3:07cv329 (M.D. Fla.); (3) 3:07cv341 (M.D. Fla.).

Because Plaintiff has had more than three (3) prior qualifying dismissals, has not alleged he is under imminent danger of serious physical injury[5], and has not paid the requisite filing fee, this action should be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it

---

[4] As noted above, Plaintiff is a serial filer, and he has had numerous other cases dismissed on these grounds that are not listed here.

[5] As the Court noted in its Order denying Plaintiff *in forma pauperis* status (ECF Doc. 17), Plaintiff's amended complaint, which is handwritten, is largely illegible. However, from what the Court can decipher, it appears that Plaintiff sues only for past conduct and prior alleged assaults. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (finding that past conduct cannot serve as a basis for the exception to § 1915(g)).

denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to disclose his extensive prior litigation history and failure to pay the filing fee at the time he initiated this suit.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, 27th day of April, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.